UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN B. FREEMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LAUREN D. STUDEBAKER, in his official capacity as an attorney, WSBA #1883, with the law firm of Thomas, Whittington, Bergan and Studebaker; THOMAS WHITTINGTON BERGAN AND STUDEBAKER INC. PS, law firm,<br><br>Defendants. | CASE NO. C07-1510BHS<br><br>ORDER DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT, DENYING DEFENDANTS' MOTIONS TO STRIKE, DENYING PLAINTIFF'S REQUEST FOR CONTINUANCE OF DEFENDANTS' MOTION, DENYING DEFENDANTS' MOTION FOR SANCTIONS, DENYING PLAINTIFF'S MOTION TO STRIKE AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT |

  This matter comes before the Court on Defendants' Motion to Dismiss or for Summary Judgment (Dkt. 27), Defendants' motions to strike (Dkt. 62 and 73), Plaintiff's Request for Continuance of Defendants' Motion (Dkt. 39), Defendants' Motion for Sanctions (Dkt. 36), Plaintiff's Motion to Strike (Dkt. 59), and Plaintiff's Motion for Leave to Amend Complaint (Dkt. 63). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file herein.

ORDER - 1

## I. FACTUAL BACKGROUND

Unless otherwise indicated, the following facts are undisputed or taken in the light most favorable to Plaintiff John B. Freeman, the nonmoving party:

Gary Bergan, who is not a party to this suit, represented Plaintiff's son in a state court proceeding. *See* Dkt. 1 at 2; Dkt. 30 at 1. Plaintiff paid for legal services performed on behalf of his son. Dkt. 1 at 2. In 2005, Plaintiff filed a lawsuit in state court against Mr. Bergan, alleging breach of contract and of good faith and fair dealing. *Id.* Defendant Lauren D. Studebaker defended Mr. Bergan in that litigation. Dkt. 30 at 2.

On January 31, 2007, Plaintiff's claims were dismissed with prejudice. Dkt. 30 at 3; Dkt. 1 at 3. Plaintiff moved for a new trial. Dkt. 1 at 3. The motion was denied. *Id.* Defendants in the state court litigation moved for sanctions against Plaintiff, and the motion was granted. *Id.* Judgment was entered against Plaintiff in the amount of $5,691. Dkt. 1 at 3; Dkt. 30 at 2; Dkt. 30-2, Exh. 1. Plaintiff appealed the judgment, and the appeal was dismissed on January 14, 2008. Dkt. 30 at 2; Dkt. 30-3, Exh. 2.

On August 20, 2007, after judgment was entered on August 15, 2007, Mr. Studebaker applied for a writ of garnishment. Dkt. 1 at 3; Dkt. 30 at 2. Plaintiff moved to have the writ of garnishment set aside for failure to comply with Rule 62(a) of the Superior Court Civil Rules for the State of Washington. Dkt. 1 at 3; Dkt. 30-8, Exh. 7 at 28-29. Mr. Studebaker admits that the writ of garnishment was premature. Dkt. 30 at 2. The first writ of garnishment was quashed, and Mr. Studebaker caused a second writ of garnishment to be issued on August 29, 2007. Dkt. 1 at 3; Dkt. 30 at 3; Dkt. 30-4, Exh. 3.

Plaintiff served the state court defendants with an exemption claim on or about August 29, 2007. Dkt. 30 at 3. The form indicates that Plaintiff receives social security and veteran's benefits but does not indicate that the garnished accounts contain such benefits or that such benefits had been garnished. Dkt. 30 at 3; Dkt. 30-6, Exh. 5. Defendants objected to Plaintiff's exemption claim. Dkt. 30 at 3; Dkt. 30-7, Exh. 6.

Plaintiff moved for release of social security and veteran's deposited funds, and the motion was scheduled to be heard ex parte before Commissioner Prochneau in King

ORDER - 2

County Superior Court. Dkt. 30 at 3-4; Dkt. 30-8, Exh. 7 at 14. Commissioner Prochneau advised Plaintiff that his claim of exemption should be heard by Judge Theresa Doyle, who was scheduled to hear the objection to Plaintiff's exemption claim. Dkt. 30 at 4.

On September 14, 2007, Judge Doyle denied Plaintiff's exemption claim "without prejudice to renew upon filing of a brief outlining the law on this issue." Dkt. 30 at 4; Dkt. 30-7, Exh. 6 at 33-34. Mr. Freeman did not renew his exemption, file any briefing, or seek appellate review of Judge Doyle's order. Dkt. 30 at 4.

Instead, on September 27, 2007, Plaintiff filed a motion before the Chief Civil Judge of the King County Superior Court requesting that funds held under the writ of garnishment be found exempt and that the writ be quashed. Dkt. 30 at 4. Plaintiff also moved for, and obtained, an order to show cause requesting such relief. *Id.*; Dkt. 30-11, Exh. 9. A hearing was held on the order to show cause, and Plaintiff's request for relief was denied. Dkt. 30-12, Exh. 11.

On or about October 5, 2007, the state court defendants moved for an order rescinding the writ of garnishment on the grounds that some of the garnished funds may have been exempt. Dkt. 30 at 5; Dkt. 30-14, Exh. 13. An order rescinding the writ of garnishment was entered on October 5, 2007, and Plaintiff did not seek appellate review of that order. Dkt. 30 at 5.

## II. PROCEDURAL BACKGROUND

In this case, Plaintiff again contends that his social security and veteran's benefits are exempt from garnishment. Dkt. 1. Plaintiff names as Defendants Lauren D. Studebaker, the attorney who defended Mr. Bergan and obtained the writ of garnishment, and his law firm. Plaintiff seeks four million dollars in damages. Plaintiff seeks leave to amend his complaint to "[c]orrect defects" in his original complaint and include claims pursuant to 42 U.S.C. subsections 407 and 352(e) and RCW 6.15.020(2)-(5) and to seek punitive damages. Dkt. 63.

On May 21, 2008, the Court ordered the parties to show cause why this matter should not be dismissed with prejudice pursuant to the *Rooker-Feldman* doctrine and

ORDER - 3

cautioned the parties that failure to show cause in a timely manner would result in dismissal without further notice. Dkt. 66. The parties have responded to the Court's order, and this matter is ripe for decision.

## III. DISCUSSION

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific

ORDER - 4

statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

Motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. When deciding a motion to dismiss, the Court's consideration is generally limited to the pleadings. Fed. R. Civ. P. 12(d).

**A.     REQUEST FOR CONTINUANCE**

As a threshold matter, Mr. Freeman seeks a 90-day continuance of Defendants' motion so that he may engage in further discovery. Continuances of summary judgment motions are governed by Federal Rule of Civil Procedure 56(f), which provides as follows:

> (f) When Affidavits Are Unavailable. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

Fed. R. Civ. P. 56(f). The party seeking a continuance must make (a) a timely application that (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists. *Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129-1130 (9th Cir. 2004). The Court may deny the request unless the party opposing summary judgment articulates how additional discovery may preclude summary judgment and demonstrates diligence in

ORDER - 5

1  pursuing discovery thus far. *Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839, 844
2  (9th Cir. 1994). The burden is on the nonmoving party to establish that proceeding with
3  additional discovery would produce evidence sufficient to defeat summary judgment and
4  that the evidence it seeks is in existence. *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151,
5  1161 n.6 (9th Cir. 2001).

6  In this case, Mr. Freeman seeks to depose Mr. Bergan and Gerald Henry Jones.
7  Dkt. 51. Mr. Freeman does not identify any facts essential to his opposition. Because the
8  Court concludes that dismissal of Mr. Freeman's claims is proper because Mr. Freeman's
9  claims have been fully litigated in state court proceedings, the Court concludes that a
10 continuance to accommodate additional discovery would be a waste of time and resources
11 and therefore denies Plaintiff's requested continuance.

12 **B.     MOTIONS TO STRIKE**

13 Mr. Freeman moves to strike the declaration of Laren D. Studebaker and the
14 accompanying exhibits. Dkt. 59. Under the local rules of this district, motions to strike
15 must be presented in a responsive brief and are considered with the underlying motion.
16 Local Rule CR 7(g). While Plaintiff's motion does not conform to this rule, the Court has
17 considered the merits of the motion because Defendants have responded and assert no
18 prejudice associated with Plaintiff's improper filing.

19 First, Plaintiff moves to strike the portion of the declaration contending that Gary
20 Bergan represented Mr. Freeman's son in a vigorously-contested dissolution proceeding
21 because such a contention is not supported by an affidavit from Mr. Bergan. Dkt. 59 at 3-
22 4. Because Mr. Studebaker and Mr. Bergan are partners at the same law firm, the Court
23 cannot conclude that Mr. Studebaker lacks personal knowledge as to Mr. Bergan's
24 representation of Mr. Freeman's son. Moreover, Mr. Freeman states in his complaint that
25 Mr. Bergan performed legal services on behalf of Mr. Freeman's son. Dkt. 1 at 2. The
26 motion to strike is therefore denied in this respect.

27 Second, Mr. Freeman moves to strike Mr. Studebaker's assertion that Mr. Freeman
28 did not renew his exemption claim or file briefing in response to Judge Doyle's denial of

ORDER - 6

1 his exemption claim. Dkt. 59 at 5. Mr. Freeman offers no evidentiary basis for striking
2 this portion of the declaration and merely disputes the accuracy of the statement because
3 Mr. Freeman did seek an order to show cause from Judge Doerty. *Id.* The motion to strike
4 is denied in this respect.

5       Third, Mr. Freeman moves to strike Mr. Studebaker's contention that he has not
6 been personally served in this matter. Dkt. 59 at 6. Again, Mr. Freeman disputes the
7 accuracy of this statement but offers no evidentiary basis for striking the statement. The
8 motion to strike is denied as to this statement.

9       Fourth, Mr. Freeman moves to strike the 13 exhibits attached to Mr. Studebaker's
10 declaration on the ground that the exhibits are unauthenticated. Exhibits 1, 3, 5, 8, and 11-
11 13 were also offered by Mr. Freeman in opposition to Defendants' motion. These exhibits
12 will not be stricken. The remaining exhibits all pertain to the underlying litigation and are
13 offered by an attorney who participated in that litigation. Mr. Freeman's attempt to strike
14 these exhibits is without merit.

15       Defendants move to strike Mr. Freeman's second set of opposition papers. Dkt. 62.
16 Because the Court concludes that dismissal of Mr. Freeman's claims is proper, the Court
17 declines to strike Mr. Freeman's duplicative and lengthy filings.

18       Defendants also move to strike several portions of Plaintiff's reply brief regarding
19 the order to show cause. Dkt. 73. Defendants contend that Plaintiff misquotes orders of
20 this Court and Defendants' filings. Plaintiff's loose use of quotations marks is apparent on
21 the face of his filings, and the Court denies Defendants' motion to strike misquoted
22 material. Defendants also move to strike Plaintiff's contention that Mr. Studebaker
23 admitted to forging the signature of the Honorable Teresa Dolye, King County Superior
24 Court Judge. Dkt. 72 at 10. Defendants have submitted the pertinent excerpts of Mr.
25 Studebaker's deposition to refute Plaintiff's contention. *See* Dkt. 74. Mr. Freeman's
26 characterization of Mr. Studebaker's actions as amounting to forgery is in the nature of
27 argument. The Court therefore declines to strike this contention.
28

ORDER - 7

### C.   ORDER TO SHOW CAUSE

The Court ordered the parties to show cause why Plaintiff's claims should not be dismissed pursuant to the *Rooker-Feldman* doctrine, which prohibits federal courts from exercising appellate review over final state court judgments. *Reusser v. Wachovia Bank, N.A.*, 2008 WL 1970349, at *2 (9th Cir. May 08, 2008). Plaintiff's attempts to avoid dismissal under the *Rooker-Feldman* doctrine are unavailing. While Plaintiff does not specifically ask this Court to set aside the state court judgments he contends are erroneous, the Court cannot grant Plaintiff the relief he seeks while leaving the state court judgments undisturbed. Plaintiff's proffered amendments similarly fail to identify a basis for relief that does put this Court in the position of exercising appellate review over state court judgments. *See* Dkt. 63.

Defendants do not contest whether the *Rooker-Feldman* doctrine bars Plaintiff's claims but maintain that Plaintiff's claims are subject to dismissal for lack of diversity or federal question jurisdiction. Dkt. 70 at 2; *see also* Dkt. 27 at 6 ("The issue of whether a valid exemption claim had been made by Mr. Freeman was properly decided by the Washington court. This Court should rule that it has no jurisdiction to readdress that issue."). Accordingly, Plaintiff's Motion for Leave to Amend Complaint (Dkt. 63) is denied, and Plaintiff's claims are dismissed pursuant to the *Rooker-Feldman* doctrine. Having determined that Plaintiff's claims are subject to dismissal under the *Rooker-Feldman* doctrine, the Court does not reach Defendants' proffered grounds for dismissal or summary judgment.

### D.   SANCTIONS

Defendants move for sanctions, contending that Plaintiff violated Federal Rule of Civil Procedure 11(b):

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). While the Court finds that Plaintiff's claims are not warranted by existing law, the Court declines to impose sanctions for Mr. Freeman's ignorance of the *Rooker-Feldman* doctrine, an issue that was not squarely presented in Defendants' motion.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's claims are **DISMISSED** pursuant to the *Rooker-Feldman* doctrine, Defendants' Motion to Dismiss or for Summary Judgment (Dkt. 27) is **DENIED as moot**, Defendants' motions to strike (Dkt. 62 and 73) are **DENIED**, Plaintiff's Request for Continuance of Defendants' Motion (Dkt. 39) is **DENIED**, Defendants' Motion for Sanctions (Dkt. 36) is **DENIED**, Plaintiff's Motion to Strike (Dkt. 59) is **DENIED**, and Plaintiff's Motion for Leave to Amend Complaint (Dkt. 63) is **DENIED**.

DATED this 7th day of July, 2008.

BENJAMIN H. SETTLE
United States District Judge